UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**THE NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST, et al.,**<br><br>    **Defendants.** | **Case No. _____**<br>**(Related to Civil Action No. 17-cv-01323-MN (DE))** |

**BOSTON PORTFOLIO ADVISORS, INC.'S OBJECTIONS TO AND OPPOSED MOTION
TO QUASH NON-PARTY SUBPOENA**

COMES NOW Boston Portfolio Advisors, Inc. ("BPA"), a non-party to the above referenced litigation, through its undersigned counsel, and respectfully requests that the Court quash the non-party subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A). In support of its request, BPA states as follows:

**I.    Introduction**

BPA is a financial consulting firm based in Fort Lauderdale, Florida that has been providing portfolio management, risk management, and due diligence, among other services, to the financial industry for over thirty years. *See*, Declaration of Thomas Glanfield ("Decl.") at ¶3, attached as Exhibit A. BPA employs 18 professionals, and occasionally uses the services of independent contractors to assist with particular projects. *See*, Decl. at ¶4.

BPA is not a party in the above referenced litigation, but was served with a non-party subpoena *duces tecum* on December 21, 2018 ("Subpoena"). *See*, Decl. at ¶5. The Subpoena was served on BPA in connection with a Scheduling Order issued in the underlying litigation. *See*, Decl. at ¶6.

The Subpoena at issue in this motion, which was served on BPA on December 21, 2018, seeks testimony on subjects and production of documents outside the two threshold issues specifically outlined within the Scheduling Order. The two threshold issues, as articulated within the Scheduling Order are as follows:

1. Whether the law firm of McCarter & English had the authority to execute the Proposed Consent Judgment on behalf of the Defendants under the Trust Related Agreements and applicable law; and

2. Whether – authority aside – it was improper or (in violation of the Trust Related Agreements) for McCarter & English to enter into the Proposed Consent Judgment.

The Scheduling Order specifically limits deposition testimony and document requests to these two threshold issues. See, Scheduling Order at ¶¶1-3.

However, the Subpoena seeks information far beyond those limited threshold issues outlined by the court. More specifically, the Subpoena seeks testimony by oral deposition on the following three topics:

1. The Proposed Consent Judgment;

2. The nature of BPA's engagement with the NCSLTs, including the extent to which BPA was engaged to advance the interests of VCG, the NCSLTs, the Noteholders and Ambac; and

3. Any work performed by BPA in connection with any audits of the NCSLTs or in connection with the Proposed Consent Judgment.

Likewise, the Subpoena seeks discovery of the following documents:

1. All documents and communications concerning the Investigation, the Action, and the Proposed Consent Judgment that related to the Threshold Issues set forth in the Scheduling Order, including:

    a. Any information or communications exchanged between the CFPB, on the one hand, and VCG, McCarter & English, Chaitman LLP, DiCello Levitt & Casey LLC, BPA, or any other entities representing or purporting to represent the NCSLTs or VCG, or any of their principals or representatives, on the other hand;

    b. Any information or communications exchanged between BPA, on the one hand, and VCG, Chaitman LLP, McCarter & English, DiCello Levitt & Casey LLC, or any other entities representing or purporting to represent the NCSLTs or VCG, or any of their principals or representatives, on the other hand;

    c. Any work performed by BPA in connection with the Proposed Consent Judgment, including any audits of the NCSLTs or in connection with the Proposed Consent Judgment;

    d. The nature of BPA's engagement with the NCSLTs, including the extent to which BPA was engaged to advance the interests of VCG, the NCSLTs, the Noteholders and Ambac; and

    e. The negotiation of the Proposed Consent Judgment.

BPA does not have any knowledge or documents regarding either of the threshold issues. *See*, Decl. at ¶11. However, the Subpoena attempts to circumvent the Scheduling Order and requests this information regardless of whether or not it is related to the two threshold issues.

Specifically, BPA objects to the Subpoena's attempted disregard of the limitations placed on discovery by the Scheduling Order. BPA estimates that thousands of documents will need to be reviewed in order to determine what is responsive to the Subpoena which would take months to compile and cost more than one hundred and fifty thousand dollars to complete. *See*, Decl. at ¶12 and ¶17. The burdensome requests come regardless of the fact that many of the documents in question are also protected by work product and attorney client privilege and the fact that BPA has no documents whatsoever or information pertaining to the finite threshold issues outlined within the Scheduling Order.

As a result, responding to the Subpoena will be exceptionally burdensome for a company of BPA's size. In light of the privilege concerns set forth herein, the privilege and responsiveness review of any and all potentially relevant documents must be conducted by attorneys. Additionally, the reviewing attorneys will be required to prepare a privilege log documenting any privilege

assertions, which will potentially require additional time and expense.

BPA specifically objects to deposition topic #1 as it is overly broad as it exceeds the scope of the Scheduling Order's threshold issues and vague in that it has not provided a copy of the Proposed Consent Judgment. Likewise, BPA objects to deposition topic #2 as it is overly broad as it exceeds the scope of the Scheduling Order's threshold issues and vague in that it does not define the terms "Noteholders" or "Ambac." With respect to deposition topic #3, BPA objects as it is overly broad and seeks testimony beyond the scope of the Scheduling Order's threshold issues and vague in that it has not provided a copy of the Proposed Consent Judgment.

Moreover, BPA also objects to the request for documents. BPA objects to request #1 in that it is overly broad and unduly burdensome as it exceeds the scope of the Scheduling Order's threshold issues, compound in that it requires at least four separate responses, and protected by both the work product and attorney client privileges. BPA objects to request #1a in that it is overly broad and unduly burdensome as it exceeds the scope of the Scheduling Order's threshold issues, compound in that it requires at least five separate responses, and protected by both the work product and attorney client privileges. BPA objects to request #1b in that it is overly broad and unduly burdensome as it exceeds the scope of the Scheduling Order's threshold issues, compound in that it requires at least four separate responses, and protected by both the work product and attorney client privileges. BPA objects to request #1c in that it is overly broad and unduly burdensome as it exceeds the scope of the Scheduling Order's threshold issues, compound in that it requires at least two separate responses, and protected by both the work product and attorney client privileges. BPA objects to request #1d in that it is overly broad and unduly burdensome as it exceeds the scope of the Scheduling Order's threshold issues, compound in that it requires at least four separate responses, vague in that it does not define the terms "Noteholders" or "Ambac,"

and protected by both the work product and attorney client privileges. BPA objects to request #1e in that it is overly broad and unduly burdensome as it exceeds the scope of the Scheduling Order's threshold issues and protected by both the work product and attorney client privileges.

Since the Subpoena was served, BPA's counsel has conferred in good faith with the attorney that issued the Subpoena and offered to produce an affidavit sating that BPA had no knowledge or documents related to the two threshold issues outlined by the Scheduling Order, but was not able to reach resolution as to the issues described herein. BPA respectfully requests that the Court quash the Subpoena.

## II. Discussion

The Court should quash the Subpoena for two reasons: (1) the Subpoena imposes an undue burden on BPA, a non-party to the litigation; and (2) the subpoena seeks production of material that is privileged and protected.

### A. The Subpoena Imposes an Undue Burden on BPA

Under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), a court must quash or modify a subpoena that "subjects a person to undue burden." "Among the factors that the court may consider in determining whether there is an undue burden are 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (in turn quoting *United States v. International Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979))); *see also*, *Am. Online, Inc. v. Bagley*, No. 05-22399-CIV, 2005 WL 8155872, at *2 (S.D. Fla. Nov. 1, 2005); *see also*, *Am. Fed'n of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 478 (S.D. Fla. 2011). Further, additional factors

such as "whether the request is cumulative and duplicative, the time and expense required to comply with the subpoena (relative to the responder's resources), and the importance of the issues at stake in the litigation." *Carroll v. Variety Children's Hosp.*, 2007 WL 2446553, at *1 (E.D. Tex. Aug. 23, 2007). Where, as here, the subpoena recipient is a non-party, courts have focused on "the expense and inconvenience to that party." *Wiwa v. Royal Dutch Petroleum*, 392 F.3d 812, 818 (5th Cir. 2004); *see also*, *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3099317, at *2 (S.D. Fla. Apr. 12, 2017). In particular, courts have provided additional protection to non-parties in order to curtail unreasonable cost and expense. *See*, *Rankine v. Roller Bearing Co. of Am.*, No. 12CV2065-IEG BLM, 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013)(*citing*, *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir.1982)).

The Subpoena plainly imposes an undue burden on BPA, a non-party to the underlying litigation. The Subpoena seek thousands of documents from BPA notwithstanding that many of these documents may be in the possession of one of the parties to the litigation. Accordingly, noteholders should be required to seek these documents from the litigation parties. This is particularly true where, as here, BPA has reason to believe that the noteholders are simultaneously seeking the same documents from other parties, including the litigation parties. "[T]he expense and the inconvenience" to BPA, when the noteholders can obtain the materials from the litigation parties, strongly counsel in favor of quashing the non-party Subpoena. *See, e.g.*, *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).

Additionally, as noted above, reviewing thousands of potentially responsive documents would impose an incredible burden on BPA. "Whether a subpoena constitutes an undue burden is to be decided based on the facts of each case." *Carroll* at *3 (citing *Williams* at 109). As noted in *Carroll*, courts have also considered "the time and expense required to comply with the subpoena

(relative to the responder's resources)[.]" *Id.* at 4 (quoting *Linder v. Calero-Portacarrero*, 180 F.R.D. 168, 174 (D.D.C. 1998); *see also*, *Am. Online, Inc.* at *3. Reviewing the requested documents and preparing a privilege log would take an extraordinary amount of time and would impose unreasonable costs and efforts on BPA, as attorneys would be required to conduct the review in light of the privilege concerns at issue, *infra*. Under the circumstances, the Subpoena is unreasonable and must be quashed.

### B. The Subpoena Seeks BPA's Privileged Materials and Information

To the extent the Subpoena seek documents not obtainable from parties to the litigation, the court should quash the Subpoena on the independent ground that it seeks BPA's internal work papers protected by the work product privilege and communications protected by the attorney client privilege. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter." Federal Rule of Civil Procedure 26(b)(3)(A)'s work product privilege provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Pursuant to relevant precedent, a document is prepared in anticipation of litigation and thus entitled to work product protection "as long as the primary motivating purpose behind the creation of the document [is] to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).[1] The "litigation need not necessarily be imminent," *Id.* at 1040, but the "prospect of litigation must be identifiable." *In re Sahlen & Assocs., Inc.*, No. 89-6308-CIV-HOEVELER, 1990 WL 284508, at *3 (S.D. Fla. Nov. 5, 1990) (citing *Kent Corporation v. National Labor Relations Bd.*, 530 F.2d 612 (5th Cir. 1976)).

---

[1] Cases decided prior to the split of the Fifth Circuit into the Fifth and Eleventh Circuits constitute precedent in the Eleventh Circuit. *See, Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

The documents prepared by BPA during the period of time and among the topics requested in the Subpoena fall squarely within the work product protection. Specifically, BPA was represented by McCarter & English, LLP involving matters concerning VCG Securities, LLC. *See*, Decl. at ¶13. That representation later evolved to McCarter & English, LLP's simultaneous representation of BPA in connection with this action. Accordingly, these documents and communications contain BPA's and McCarter & English, LLPs mental impressions related to this and other actions and are protected by the work product privilege and attorney client privilege. *See, In re LTV Sec. Litig.*, 89 F.R.D. 595, 614-19 (N.D. Tex. 1981). Moreover, the work product privilege covers both final documents and draft materials. *See, Adelman v. BSA*, 276 F.R.D. 681, 690 (S.D. Fla. 2011). As such, these documents and communications should remain protected and the Subpoena should be quashed.

### C. *Sanctions Should be Imposed for Seeking Information and Materials Beyond the Threshold Issues Outlined in the Scheduling Order*

Under Federal Rule of Civil Procedure 45(d)(1), a court must sanction an attorney or party for issuing a subpoena imposing an undue burden on the person receiving the subpoena. Such a sanction may include "lost earnings and reasonable attorney's fees." *Id.* As discussed above, the Subpoena clearly attempts to deliberately circumvent the limited issues permitted by the Scheduling Order. BPA has previously articulated that it does not have any knowledge or documents regarding these two threshold issues. As also discussed above, BPA has outlined how the Subpoena's additional discovery is irrelevant to the threshold issues and would cause undue burden and cost to the corporation. If such additional and irrelevant discovery is to be compelled by the noteholders, then the noteholders should pay for the additional cost, attorney's fees and lost earnings associated with compliance.

**III.     Request for Hearing**

BPA respectfully requests an oral hearing in connection with this matter pursuant to Local Rule 7.1(b)(2). BPA believes that a hearing would be beneficial should the Court require further information in connection with the background of the above referenced litigation and Scheduling Order, the parties involved with the Subpoena, the costs involved with complying with the Subpoena, and the various requests and objections. This hearing should not take longer than 30 minutes. This additional information should prove helpful to the Court in making its decision.

**IV.     Conclusion**

The Subpoena served on BPA subjects BPA to undue burden and seeks BPA's privileged work product and attorney client communications. Accordingly, BPA respectfully requests that this Court grant the motion, and quash the Subpoena.

WHEREFORE, BPA moves the Court to quash the Subpoena, or in the alternative modify the Subpoena, granting BPA an extension of time to respond to the modified Subpoena and order the noteholders to pay for BPA's lost earnings, attorney's fees and additional costs associated with compliance with a modified Subpoena.

Respectively submitted this 4th day of January 2019,

/s/ *John B. Atkinson*
JOHN BOND ATKINSON
Florida Bar No.:  0290270
jatkinson@atkattorneys.com
JOHN B. ATKINSON
Florida Bar No.: 0099691
atkinsonjb@atkattorneys.com
Atkinson, P.A.
1 S.E. 3rd Avenue, Suite 2100
Miami, Florida 33131
Tel.  305-376-8840
Fax. 305-376-8841

## **CERTIFICATE OF PRE-FILING CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I certify that, in a good faith effort to resolve the issues raised in this motion, counsel for BPA conferred or attempted to confer with counsel for the noteholders, Andrew D. Cordo, Esq. about the relief sought in this motion. On December 31, 2018, BPA's counsel offered counsel for the noteholders an affidavit stating that BPA had no knowledge or documents related to the two threshold issues outlined by the Scheduling Order. Counsel for the noteholders indicated that an affidavit would not be satisfactory and that compliance with the Subpoena would need to include documents and information unrelated to McCarter & English's execution of the Proposed Consent Judgment. Counsel for noteholders also confirmed that an extension to comply with the Subpoena would be opposed unless certain conditions were met and that the noteholders would oppose any Motion to Quash or objection to the Subpoena requests.

Dated: January 4, 2019  
                                        Respectfully Submitted,  
                                        /s/ *John B. Atkinson*  
                                        JOHN B. ATKINSON

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Quash was filed on the 4th day of January 2019 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Additionally, the foregoing will be contemporaneously served on the following parties by electronic mail:

Carolyn I. Hahn, Esq.
Colin T. Reardon, Esq.
Gabriel S.H. Hopkins, Esq.
1625 Eye Street NW
Washington, DC 20006
Ph: (202) 435-7250
Fax: (202) 435-7722
E-mail: carolyn.hahn@cfpb.gov
   colin.reardon@cfpb.gov
   gabriel.hopkins@cfpb.gov
*Counsel for Consumer Financial Protection Bureau*

A. Thompson Bayliss, Esq.
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Ph: (302) 778-1033
Fax: (302) 778-1001
E-mail: bayliss@abramsbayliss.com
*Counsel for Structured Finance Industry Group, Inc.*

David M. Fry, Esq.
Keith M. Kollmeyer, Esq.
1105 North Market Street, 12th Floor
Wilmington, DE 19801
Ph: (302) 298-0700
E-mail: dfry@shawkeller.com
   kkollmeyer@jonesday.com
*Counsel for U.S. Bank National Association*

Kurt M. Heyman, Esq.
Melissa N. Brochwicz Donimirski, Esq.
Erik Hass, Esq.
George A. LoBiondo, Esq.
Joshua Kipness, Esq.
Peter W. Tomlinson, Esq.
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
Ph: (302) 472-7300
Fax: (302) 472-7320
E-mail: kheyman@hegh.law
   mdonimirski@hegh.law
   ehass@pbwt.com
   globiondo@pbwt.com
   jkipnees@pbwt.com
   pwtomlinson@pbwt.com
*Counsel for Ambac Assurance Corporation*

Allyson B. Baker, Esq.
Jamie L. Edmonson, Esq.
Katherine M. Wright, Esq.
Meredith L. Boylan, Esq.
Sameer P. Sheikh, Esq.
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Ph: (302) 298-3535
E-mail: abaker@venable.com
   jledmonson@venable.com
   kmwright@venable.com
   mlboylan@venable.com
   spsheikh@venable.com
*Counsel for Transworld Systems Inc.*

Andrew D. Cordo, Esq.
Michael Hanin, Esq.
Uri Itkin, Esq.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Ph: (302) 654-1888
E-mail: acordo@ashby-geddes.com
mhanin@kasowitz.com
uitkin@kasowitz.com
*Counsel for Waterfall Eden Master Fund, Ltd.*

Rebecca L. Butcher, Esq.
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, DE 19899
Ph: (302) 467-4400
E-mail: butcher@lrclaw.com
*Counsel for GSS Data Services, Inc.*

Stacey A. Scrivani, Esq.
Elizabeth Ware, Esq.
Nicholas H. Pennington, Esq.
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Ph: (302) 425-3306
E-mail: sasc@stevenslee.com
eaw@stevenslee.com
nhp@stevenslee.com
*Counsel for The Pennsylvania Higher Education Assistance Agency*

Stephen B. Brauerman, Esq.
600 N. King Street, Suite 400
Wilmington, DE 19801
Ph: (302) 655-5000
Fax: (302) 658-6395
E-mail: sbrauerman@bayardlaw.com
*Counsel for Wilmington Trust Company*

    /s/ John B. Atkinson
John B. Atkinson